No. 921.

STATE OF LOUISIANA AND PARISH OF ST. LANDRY vs. FERDINAND WIKOFF.

The defendant was condemned by a judgment of a justice of the peace to pay a fine of twenty dollars and costs for refusing to work on the public roads. Execution issued thereon, and, being returned *nulla bona*, he was indicted by the grand jury, tried before a petty jury, found guilty, and sentenced in the district court to imprisonment in the parish jail under a provision of the Revised Statutes and an ordinance of the police jury for thirty days. From this judgment he appealed.

The motion to dismiss this appeal must prevail on the plea of want of jurisdiction as it is a criminal case where the punishment is not death, imprisonment at hard labor, or a fine exceeding three hundred dollars.

That this is a criminal case can not be doubted. There was an indictment by a grand jury and a verdict by a petty jury. By the constitution this court has jurisdiction in criminal cases "on questions of law only, whenever the punishment of death or imprisonment at hard labor or a fine exceeding three hundred dollars is actually imposed." There is no such punishment here.

There is no force in the allegation that, because the ordinance of the police jury under which the defendant was condemned by the justice of the peace to pay a fine or penalty, for the non-payment of which he was indicted and sentenced in the district court, is attacked as unconstitutional, therefore the case, being dual—both civil and criminal—is appealable.

The fallacy of this position is that, if the case be dual, the only branch of it before this court is the criminal part—the indictment and the conviction thereunder, which began where the civil part ended—the penalty or fine in money imposed by the justice. This latter part of the proceedings against the defendant is not in this case, except as the cause for or basis of the prosecution, and as evidence upon which conviction is founded. This court can not revise that proceeding, it not being before it; nor can this court consider it in determining the question of jurisdiction, of the branch of the proceeding brought up on appeal.

If it be conceded that the clause of the ordinance of the police jury which authorized the defendant to be fined by the justice of the peace is unconstitutional, it will not give this court jurisdiction in the criminal proceeding in which he was indicted, convicted, and sentenced to imprisonment, because the issues in this last proceeding alone control the jurisdiction thereof. The issues or questions in one case do not affect jurisdiction of another. The clause of the constitution invoked as giving jurisdiction in this instance refers to civil cases only.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Hudspeth*, J. Criminal case. *Ferreol. Perrodin*, District Attorney, and *John N. Ogden*, District Attorney *pro tem.*, for plaintiff and appellee. *Kenneth Baillio*, for defendant and appellant.

HOWELL, J. A motion is made to dismiss this appeal for the want of jurisdiction, as it is in a criminal case where the punishment is not death, imprisonment at hard labor, or a fine exceeding three hundred dollars.

The defendant was condemned by a judgment of a justice of the peace to pay a fine of twenty dollars and costs for refusing to work on the public roads. Execution issued thereon, and, being returned *nulla bona*, he was indicted by the grand jury, tried before a petty jury, found guilty, and sentenced in the district court to imprisonment in the parish jail for thirty days, under a provision of the Revised Statutes and an ordinance of the police jury. From the judgment imposing this punishment he has appealed.

That this is a criminal proceeding can not be doubted. An *indictment* was found by the grand jury against the defendant, and, upon trial, the following verdict was found by the petit jury: "We, the jury, find the prisoner at the bar guilty in manner and form as charged against him in the bill of indictment filed against him."

It is only on criminal charges that the grand jury can find an indictment, and only of a crime or offense can a person be found guilty, when so indicted. By the constitution this court has jurisdiction in criminal cases "on questions of law only, whenever the punishment of death, or imprisonment at hard labor, or a fine exceeding three hundred dollars is actually imposed." No such punishment is imposed here. The only punishment imposed in this proceeding is imprisonment in the parish jail for thirty days, and hence we have no jurisdiction under the above provision of the constitution.

It is contended, however, that jurisdiction is conferred in the preceding clause of the same article of the constitution, to wit: "To all cases in which the constitutionality or legality of any tax, toll, or impost of any

kind or nature whatsoever, or any fine, forfeiture, or penalty imposed by a municipal corporation shall be in contestation, whatever may be the amount thereof," and (it is said) because the ordinance of the police jury under which the defendant was condemned by the justice of the peace to pay a fine or penalty, and for the non-payment of that penalty he was indicted and sentenced in the district court, is attacked as unconstitutional, therefore, the case being dual in its nature (both civil and criminal), is applicable. The fallacy of this position is, that if the case be dual, the only branch of it before us is the criminal part—the indictment and the conviction thereunder, which began where the civil part ended—the penalty or fine in money imposed by the justice of the peace. This latter part of the proceedings against defendant is not in this case, except as the cause for or basis of the prosecution and as evidence upon which conviction is founded. We can not revise that proceeding, it not being before us; nor can we consider it in determining the question of jurisdiction of the branch of the proceeding brought up on appeal. If it be conceded that the clause of the ordinance of the police jury which authorized the defendant to be fined by the justice of the peace is unconstitutional, it will not give this court jurisdiction in the criminal proceeding, in which he was indicted, convicted, and sentenced to imprisonment, because the issues in this last proceeding alone control the jurisdiction thereof. The issues or questions in one case do not affect the jurisdiction of another. The clause of the constitution invoked as giving jurisdiction of this case refers to civil cases only. This is evident from its terms and from its juxtaposition with the other. All the clauses of article seventy-four on this subject, except the last, relate to the civil jurisdiction of this tribunal. It says "the jurisdiction shall extend to *all cases* where the matter in dispute shall exceed five hundred dollars, and to *all cases* in which the constitutionality or legality of *any* tax, toll, or impost of any kind or nature whatsoever, *or any* fine, forfeiture, or penalty imposed by a municipal corporation shall be in contestation, whatever may be the amount thereof, and in such cases the appeal shall be direct from the court in which the case originated to the Supreme Court." Now, if the last class of cases here mentioned was intended to embrace other than purely civil cases, the subsequent and last clause would have been unnecessary, or very different in its construction. But the subject of appellate jurisdiction was not exhausted; all the cases in which appeals were to be had were not disposed of by this portion of the article, and it was added, with marked distinction, "*and in criminal cases*, on questions of law only, whenever the punishment of death, or imprisonment at hard labor, or a fine exceeding three hundred dollars is actually imposed." In this clause is embraced *all* the criminal jurisdiction conferred on this court. The expression "and in criminal cases," as it is

State of Louisiana and Parish of St. Landry vs. Wikoff.

used here, is in contradistinction with the preceding clauses, which conferred jurisdiction in all cases involving money or value.

In the first part of the article it is extended to *all cases* over five hundred dollars, and to *all cases* involving the constitutionality or legality of any tax, toll, or impost, or of any fine, forfeiture, or penalty imposed by a municipal corporation, and yet it was deemed necessary to define the appellate jurisdiction in criminal cases, and the language used confines it to very narrow limits, which do not include or embrace this case. We, have only such jurisdiction as is expressly conferred.

We are very clear in our conviction that we have no jurisdiction of this appeal.

It is therefore ordered that this appeal be dismissed with costs.